JOHN L. DODGE, RESPONDENT, v. THE COUNTY OF PLATTE, IN THE STATE OF MISSOURI, APPELLANT.

*Special privileges given to a corporation by its charter — when not affected by a subsequent constitutional provision — Negotiable bonds — right to rely on recitals in them.*

The Platte City and Fort Des Moines Railroad Company, the plaintiff's predecessor, was incorporated by an act of the Legislature of Missouri, passed January 4, 1860.   By the seventh section of the act it was provided that the inhabitants of a strip of country — not to exceed ten miles on either side of the road — through which it might pass, might, by a vote of a majority of the tax-payers thereof, to be taken as therein provided, issue bonds to aid the road.   In 1865 a new Constitution was adopted, which forbade the General Assembly to authorize any county, city or town to become a stockholder or to loan its credit to any corporation, unless two-thirds of the qualified voters thereof should assent thereto at a regular or special election.

In 1869 an election was held in pursuance of the act of 1860, at which a majority of the tax-payers of a certain strip of country through which the road ran voted to issue bonds to aid it.   This election was set aside by the County Court as unauthorized under the new Constitution.   In 1870 an act was passed providing that where, by the provisions of the charter of any railroad, the taxable inhabitants of a portion of any town had voted or might thereafter vote to take stock in such company, they should be entitled to and should have all the privileges, rights and benefits in such act conferred.   In February, 1871, bonds were issued in pursuance of the vote taken in 1869.

*Held,* that corporations having at the time of its adoption special charters authorizing subscriptions by towns to their stock, upon terms therein prescribed, were not affected by the new Constitution, and that the bonds issued were valid.

*Bona fide* purchasers of negotiable bonds, so issued, may rely upon the recitals therein contained, as to all matters except the legislative authority for their issue.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover the amount of certain coupons attached to bonds issued by the defendant to the Chicago and Southwestern Railroad Company, which was the successor of the Platte City and Fort Des Moines Railroad Company of Missouri. The answer, among other things, put in issue the allegation that the plaintiff was the lawful owner and holder of the coupons. The plaintiff bought the bonds with the coupons attached, and subsequently sold them to several of his neighbors, who authorized him to collect the coupons in question, and payment not having been made, to sue them in his own name. The action was brought in his name by their written consent.

*R. O'Gorman*, for appellant.

*W. S. Opdyke*, for respondent.

BRADY, J.:

By the sixth section of the act passed January 4, 1860, to incorporate the Platte City and Fort Des Moines Railroad Company, it was provided that it should be lawful for the County Court of any county, through which any part of the route of the said road might be located, to subscribe to the stock of said company, and that it might invest its funds in the stock of said company and issue bonds to raise funds to pay for the stock so subscribed. It further provided that it should be lawful for any city or incorporated town to subscribe for the stock of said company, and authorized them to issue their bonds to pay for the stock thus subscribed. By section seven, it was also provided that upon the presentation of a petition of the president and directors of said company to the County Court of any county through which the road might be located, praying that a vote might be taken in any strip of country through which it might pass, not to exceed ten miles on either side of the road, that the inhabitants thereof were desirous of taking stock in said road and of voting upon themselves a tax for the payment of the same, it should be the duty of the County Court to order an election therein, and declared that if a majority

of the taxable inhabitants thereof should determine in favor of the tax, it should be the duty of the court to levy and collect from them a special tax, which should be kept separate from all other funds and appropriated to no other purpose, and as fast as collected should cause the same to be paid over to the treasurer of said company. Subsequent to the passage of this statute, but in 1865, the State of Missouri adopted a new Constitution, the fourteenth section of the eleventh article of which is as follows : " Section 14. The General Assembly shall not authorize any county, city, or town to become a stockholder in, or to loan its credit to, any company, association, or corporation, unless two-thirds of the qualified voters of such county, city or town, at a regular or special election to be held therein, shall assent thereto." See 1 Wagner's Statutes of Missouri, page 62, section 14, and section 3 of the same article declaring "that all statute laws of this State now in force, not inconsistent with this Constitution, shall continue in force until they shall expire by their own limitation, or be amended or repealed by the General Assembly." (Wagner's Statutes, vol. 1, p. 61.)

In 1868 (March 23) another act of the Legislature of Missouri was passed which provided, *inter alia*, that whenever twenty-five resident tax-payers in any municipal township should petition the County Court, setting forth their desire, as a township, to subscribe to the capital stock of any railroad, etc., it should be the duty of the court to order an election to be held in such township, etc. ; and if it should appear from the return that two-thirds of the qualified voters voting at the election were in favor of such subscription, it should be the duty of the court to issue county bonds therefor, etc. (Laws of 1868, p. 92.)

On the 10th July, 1869, the president and directors of the Chicago and Southwestern Railway Company, to which the name of the Platte City and Fort Des Moines Railroad Company had been changed by act of the Legislature, passed March 23, 1869, presented a petition under the act of 1860 (*supra*), praying that an election should be held in a strip of country described as a part of the municipal township of Greene, and such election was thereupon ordered by the court to take place on the seventeenth of August following. The election took place, but on objections

duly presented, the vote taken was declared by such court to be a nullity, and the decision so made was not subsequently reversed or modified by any order or decree to that end. Assuming that such a proceeding by the inhabitants of a strip of land less than a township was one authorized by the laws of Missouri, it had failed because the result was set aside and declared to be void. It is very clear, therefore, that no taxation or the issue of any bonds based upon that proceeding was warranted. On the 4th of March, 1870, however, the act of 1868 was amended by the Legislature, and by adding a section as follows: "Section 7. In all cases where, by the provisions of the charter of any railroad company organized under the laws of this State, the taxable inhabitants of a portion of a municipal township of any county in this State have voted, or may hereafter vote to take stock in such railroad company, they are hereby declared entitled to, and shall have all the privileges, rights, and benefits in said act conferred upon counties or townships, and the county court of such county shall exercise the same powers and perform the same duties in issuing bonds, levying, collecting and paying over the taxes, which it is required to do in the case of a county or township under the provisions of said act; provided, however, that no part of such township outside the limits of the district voting shall be taxed to pay any of the bonds or coupons so issued by the county court." (Laws of 1870, p. 92.)

The object of this act is apparent, and it was to cover and include elections which had been held by the inhabitants of strips under the provisions of the act of 1860, and upon which no bonds had been issued, and as a consequence of its passage the bonds in controversy were issued. This was done in February, 1871, and on the fourteenth day of that month by the county court of Platte county, and by an order which recites that by an order of July 10, 1869, there was submitted to a vote of the taxable inhabitants of the strip a proposition to subscribe for $50,000 of the capital stock of the company, and that "at an election held at Camden Point on the 17th of August, 1869, by virtue of the provisions of the act to incorporate the Platte and Fort Des Moines Railway Company, approved January 4, 1860, the taxable inhabitants aforesaid voted in favor of said subscription."

It then recites the act of March 24, 1870, and the fact of the construction of a railway through this strip, and thereupon directs the fifty bonds of $1,000 each to be issued. It will be observed that although by the amendment of the act of 1868, by the act of 1870 the bonds are to be issued in accordance with the former act, no part of the township outside the limits of the district voting shall be taxed to pay any of the bonds or coupons issued by the county court, thus relating to and carrying out in that respect the provisions of the act of 1860, and confining the burden to the inhabitants of the strip who had assumed it by the vote. It will also have been perceived, as already suggested, that the amendment legalizes the vote which was rejected by the county court, and which, had it not been rejected, would have authorized a tax under the act of 1860. We thus have all the facts affecting this controversy. The defendant insists that the result of a due consideration of them must be a decision against the validity of the bonds, because the act of 1870 is unconstitutional and void. The plaintiff claims that the act is not subject to this objection. The defendant's proposition would seem at first blush to justify the conclusion that the act of 1860, so far as it related to the tax, was repealed, and that the act of 1870, containing the amendment, was unconstitutional, but an examination of the question presented corrects this impression. It is corrected, because the court of Missouri, competent to do so, have held (*Smith* v. *Clarke Co.*, 54 Mo., 58 ; *State* v. *Green Co.*, id., 540 ;) that corporations having a special charter when the new Constitution took effect, by which the County Court was authorized to subscribe without the vote of the people, were not affected by that instrument, and we can discover no distinction between the cases named and this. Here, by the charter of the company, the right is given to apply for an election, and it is a right secured therefor. The new constitution prohibits the issue of bonds without the vote of a majority of qualified voters of a county, city or town, and if a previously existing power to issue them without any vote be allowed to continue, there can be no doubt that a previously existing power to do it after a vote taken must also continue, as more in accord with the spirit and requirements of the new Constitution. This court, however, considers

the adjudication mentioned controlling upon this subject, and is called upon, therefore, to declare the act of 1870 constitutional, because it only provides a different mode of carrying out a valid power, without creating or conferring a new one. It does not invade the inhibition established by fundamental law. The act of 1870 being valid, and the act of.1860 still existing, and not being repugnant to the Constitution, it follows that the bonds are binding obligations, unless there is some other reason for assailing them. We discover none. The recitals in the bonds are conclusive in favor of a *bona fide* purchaser without notice. Unless there is something in the form of the bonds to put the purchaser upon inquiry, he is not bound to seek any other legislative authority for their issuance. He may rely on the bond as to all other matters, because it is a negotiable instrument, and the courts have substantially invested it with all the attributes of such papers in the hands of an innocent holder. (*Commissioners, etc.*, v. *Bolles*, 94 U. S. Rep., 104 ; *Town of Coloma* v. *Eaves*, 92 id., 484; *Town of South Ottawa* v. *Perkins*, 94 id., 266; *Commissioners, etc.*, v. *Clark*, id., 278; *Steins* v. *Franklin Co.*, 48 Mo., 167; *State ex rel. Neal* v. *Salvee Co.*, id., 390 ; *Ramsey* v. *Baeder*, 50 id., 600 ; *Smith* v. *Clark*, 54 id., 76.)

The recitals are sufficient to show the origin of the bonds, and contain nothing which creates a duty of making any examination except as suggested, of the legislative authority to issue them, which, as we have seen, existed. We do not consider it necessary to elaborate the views of the referee on the right of the plaintiff to maintain this action in his own name, entertaining no doubt about the correctness of his conclusions on that question. We do not discover, therefore, any reason for disturbing the judgment herein, and it must be affirmed.

Ordered accordingly.

Davis, P. J., and Ingalls, J., concurred.

Judgment affirmed.